UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

JOSE GONZALEZ,

           Plaintiff,

v.                                                 Case No. 24-cv-739-pp

SARA ENGLISH,

           Defendant.

**ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO PROCEED WITHOUT PREPAYING FILING FEE (DKT. NO. 2), DENYING PLAINTIFF'S MOTION FOR ORDER TO SHOW CAUSE AND TEMPORARY RESTRAINING ORDER (DKT. NO. 9) AND SCREENING AMENDED COMPLAINT UNDER 28 U.S.C. §1915A**

      Plaintiff Jose Gonzalez, who is incarcerated at Waupun Correctional Institution and is representing himself, filed a complaint under 42 U.S.C. §1983, alleging that the defendant violated his constitutional rights. This decision resolves the plaintiff's motion for leave to proceed without prepaying the filing fee, dkt. no. 2, and screens his amended complaint, dkt. no. 8. It also addresses the plaintiff's motion for an order to show cause and a temporary restraining order. Dkt. No. 9.

**I.    Motion for Leave to Proceed without Prepaying the Filing Fee (Dkt. No. 2)**

      The Prison Litigation Reform Act (PLRA) applies to this case because the plaintiff was incarcerated when he filed his complaint. See 28 U.S.C. §1915(h). The PLRA lets the court allow an incarcerated plaintiff to proceed with his case without prepaying the civil case filing fee. 28 U.S.C. §1915(a)(2). When funds

1

exist, the plaintiff must pay an initial partial filing fee. 28 U.S.C. §1915(b)(1). He then must pay the balance of the $350 filing fee over time, through deductions from his prisoner account. Id.

On June 18, 2024, the court ordered the plaintiff to pay an initial partial filing fee of $27.34. Dkt. No. 5. The court received that fee on July 11, 2024. The court will grant the plaintiff's motion for leave to proceed without prepaying the filing fee and will require him to pay remainder of the filing fee over time in the manner explained at the end of this order.

**II.     Screening the Amended Complaint**

   A.     Federal Screening Standard

Under the PLRA, the court must screen complaints brought by incarcerated persons seeking relief from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. §1915A(a). The court must dismiss a complaint if the incarcerated plaintiff raises claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b).

In determining whether the complaint states a claim, the court applies the same standard that it applies when considering whether to dismiss a case under Federal Rule of Civil Procedure 12(b)(6). See Cesal v. Moats, 851 F.3d 714, 720 (7th Cir. 2017) (citing Booker-El v. Superintendent, Ind. State Prison, 668 F.3d 896, 899 (7th Cir. 2012)). To state a claim, a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to

relief." Fed. R. Civ. P. 8(a)(2). The complaint must contain enough facts, accepted as true, to "state a claim for relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows a court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556).

To state a claim for relief under 42 U.S.C. §1983, a plaintiff must allege that someone deprived him of a right secured by the Constitution or the laws of the United States, and that whoever deprived him of this right was acting under the color of state law. D.S. v. E. Porter Cnty. Sch. Corp., 799 F.3d 793, 798 (7th Cir. 2015) (citing Buchanan–Moore v. County of Milwaukee, 570 F.3d 824, 827 (7th Cir. 2009)). The court construes liberally complaints filed by plaintiffs who are representing themselves and holds such complaints to a less stringent standard than pleadings drafted by lawyers. Cesal, 851 F.3d at 720 (citing Perez v. Fenoglio, 792 F.3d 768, 776 (7th Cir. 2015)).

B. The Plaintiff's Allegations

The plaintiff alleges that on March 6, 2024, around 2:30-6:30 p.m., defendant Dr. Sara English saw him in Waupun Correctional Institution's restrictive housing unit (RHU) medical room for "serious self harm." Dkt. No. 8 at 1. English allegedly failed to accurately gauge how much blood the plaintiff lost in his cell when he initially cut himself and only took into account the amount of blood she saw in the RHU holding cell. Id. The plaintiff states that

3

the defendant did not treat him for shock even though he continually lost consciousness and vomited on himself in front of her. Id. The defendant allegedly did not send the plaintiff to the hospital for traumatic blood loss. Id. She also allegedly did not immediately order a blood test to determine if he was in hemorrhagic shock and in need of a transfusion. Id.

The plaintiff says that due to the defendant's deliberate indifference, he had to suffer with anemia/anemic side effects for two weeks until he was admitted to the hospital to receive multiple tests and a blood transfusion for traumatic blood loss. Id. at 1-2. In addition to an alleged constitutional violation, the plaintiff asks the court to take jurisdiction of the state tort claim. Id. at 2. For relief, the plaintiff seeks compensatory damages and injunctive relief. Id.

C. Analysis

A prison official violates the Eighth Amendment's prohibition against cruel and unusual punishment when he or she acts with deliberate indifference to the serious medical need of an incarcerated individual. Cesal v. Moats, 851 F.3d 714, 720-21 (7th Cir. 2017) (citing Estelle v. Gamble, 429 U.S. 97, 104-05 (1976)). To state a claim for deliberate indifference for deficient medical care, the plaintiff "must allege an objectively serious medical condition and an official's deliberate indifference to that condition." Id. at 721 (quoting Perez v. Fenoglio, 792 F.3d 768, 776 (7th Cir. 2015)).

An objectively serious medical need is one that has either been diagnosed by a physician and demands treatment or is "so obvious that even a lay person

4

would easily recognize the necessity for a doctor's attention." Id. (quoting King v. Kramer, 680 F.3d 1013, 1018 (7th Cir. 2012)). The deliberate indifference standard is subjective and requires a plaintiff to allege that the official knew of, but disregarded, a substantial risk to the individual's health. Id. (citing Farmer v. Brennan, 511 U.S. 825, 836-38 (1994); Greeno v. Daley, 414 F.3d 645, 653 (7th Cir. 2005)). "Deliberate indifference is not medical malpractice; the Eighth Amendment does not codify common law torts." Arnett v. Webster, 658 F.3d 742, 751 (7th Cir. 2011) (quoting Duckworth v. Ahmad, 532 F.3d 675, 679 (7th Cir. 2008)). A plaintiff can show that a medical professional disregarded the serious medical need only if the professional's subjective response was so inadequate that it demonstrated an absence of professional judgment, that is, that "no minimally competent professional would have so responded under those circumstances." Id. (quoting Roe v. Elyea, 631 F.3d 843, 857 (7th Cir. 2011) (quotation marks omitted)).

The plaintiff may proceed on an Eighth Amendment claim against the defendant in her individual capacity based on allegations that she did not provide him adequate medical care after his self-harm incident until he went to the hospital. The court will exercise supplemental jurisdiction over a medical malpractice claim under Wisconsin state law. See 28 U.S.C. §1367(a).

### III. Motion for Order to Show Cause and Temporary Restraining Order

The plaintiff asks the court to issue an order requiring the defendant to provide proper medical care for the plaintiff's anemia medical condition and other medical needs and care which he says has been denied since the incident

occurred. Dkt. No. 9 at 1. He also asks the court to order that the defendant be removed from all access to the plaintiff, his treatment and Waupun Correctional Institution. Id.

The Supreme Court has characterized "injunctive relief as an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." Winter v. Nat. Res. Def. Council, Inc., 555 U.S. 7, 22 (2008) (citing Mazurek v. Armstrong, 520 U.S. 968, 972 (1997)). The purpose of such an injunction is to minimize the hardship to the parties pending the ultimate resolution of the lawsuit." Fahenm-El v. Klincar, 841 F.2d 712, 717 (7th Cir. 1988). To obtain a temporary restraining order or preliminary injunction, the plaintiff has the burden of establishing that: (1) he is likely to succeed on the merits of his claim; (2) he has no adequate remedy at law; and (3) he is likely to suffer irreparable harm without the injunction. Planned Parenthood of Ind., Inc. v. Comm'r of Ind. State Dep't of Health, 699 F.3d 962, 972 (7th Cir. 2012), citing Am. Civil Liberties Union of Ill. v. Alvarez, 679 F.3d 583, 589-90 (7th Cir. 2012).

In the context of litigation brought by incarcerated individuals, the scope of the court's authority to issue an injunction is circumscribed by the Prison Litigation Reform Act ("PLRA"). Westefer v. Neal, 682 F.3d 679, 683 (7th Cir. 2012). Under the PLRA, preliminary injunctive relief "must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct that harm." 18 U.S.C. §3626(a)(2); see also Westefer, 682 F.3d at 683 (noting the

6

PLRA "enforces a point repeatedly made by the Supreme Court in cases challenging prison conditions: prisons officials have broad administrative and discretionary authority over the institutions they manage") (internal quotation marks and citation omitted).

The court is allowing the plaintiff to proceed on a claim based on the defendant's alleged failure to properly treat his medical condition after he self-harmed on March 6, 2024, and for two weeks thereafter, until he was taken to the hospital. In his motion for injunctive relief, the plaintiff complains of other alleged circumstances and medical care that he did not discuss or allege in his complaint. The court cannot grant injunctive relief when the relief requested is distinct from the underlying claim. See Devose v. Herrington, 42 F.3d 470, 471 (8th Cir. 1994) (per curiam) (holding that "a party moving for a preliminary injunction must necessarily establish a relationship between the injury claimed in the party's motion and the conduct asserted in the complaint"). The court will deny the plaintiff's motion for order to show cause and temporary restraining order.

### III. Conclusion

The court **GRANTS** the plaintiff's motion for leave to proceed without prepaying the filing fee. Dkt. No. 2.

The court **DENIES** the plaintiff's motion for order to show cause and temporary restraining order. Dkt. No. 9.

Under an informal service agreement between the Wisconsin Department of Justice and this court, the court will electronically transmit a copy of the

7

amended complaint (Dkt. No. 8) and this order to the Wisconsin Department of Justice for service on defendant Sara English. Under the informal service agreement, the court **ORDERS** that defendant to file a responsive pleading to the amended complaint within sixty (60) days.

The court **ORDERS** that the agency that has custody of the plaintiff must collect from his institution trust account the **$322.66** balance of the filing fee by collecting monthly payments from the plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to the plaintiff's trust account and forwarding payments to the clerk of court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. §1915(b)(2). The agency must clearly identify the payments by the case name and number. If the plaintiff transfers to another county, state or federal institution, the transferring institution must forward a copy of this order, along with the plaintiff's remaining balance, to the receiving institution.

The court will send a copy of this order to the Warden at Waupun Correctional Institution, where the plaintiff is confined.

The court **ORDERS** that the parties must not begin discovery until after the court enters a scheduling order setting deadlines for completing discovery and filing dispositive motions.

The court **ORDERS** that plaintiffs who are incarcerated at Prisoner E-Filing Program institutions[1] must submit all correspondence and case filings to

---

[1] The Prisoner E-Filing Program is mandatory for all individuals incarcerated at Green Bay Correctional Institution, Waupun Correctional Institution, Dodge

institution staff, who will scan and e-mail documents to the court. Plaintiffs who are incarcerated at all other prison facilities must submit the original document for each filing to the court to the following address:

>Office of the Clerk
>United States District Court
>Eastern District of Wisconsin
>362 United States Courthouse
>517 E. Wisconsin Avenue
>Milwaukee, Wisconsin 53202

DO NOT MAIL ANYTHING DIRECTLY TO THE JUDGE'S CHAMBERS. It will only delay the processing of the case.

The court advises the plaintiff that if he fails to file documents or take other required actions by the deadlines the court sets, the court may dismiss the case based on his failure to diligently pursue it. The parties must notify the clerk of court of any change of address. The court also advises the plaintiff that it is his responsibility to promptly notify the court if he is released from custody or transferred to a different institution. The plaintiff's failure to keep the court advised of his address may result in the court dismissing this case without further notice.

The court will include a guide prepared by court staff to address common questions that arise in cases filed by prisoners. Entitled "Answers to Prisoner Litigants' Common Questions," this guide contains information that the

---

Correctional Institution, Wisconsin Secure Program Facility, Columbia Correctional Institution, and Oshkosh Correctional Institution.

9

Case 2:24-cv-00739-PP   Filed 08/15/24   Page 9 of 10   Document 13

plaintiff may find useful in prosecuting his case.

Dated in Milwaukee, Wisconsin, this 15th day of August, 2024.

BY THE COURT:

_____
**HON. PAMELA PEPPER**
**Chief United States District Judge**